# DANIEL FOLEY AND OTHERS v. JOSEPH L. DONOVAN.

144 N. W. (2d) 600.

August 1, 1966—No. 40,487.

*Ryan, Kain, Mangan, Westphal & Kressel,* for petitioner.

*James R. Bettenburg,* for Harold W. Schultz.

*James E. Knutson* and *Jonathan H. Morgan,* for Peter Popovich.

*Vennum, Newhall, Ackman & Goetz* and *R. J. Fitzgerald,* for intervenor.

*Robert W. Mattson,* Attorney General, and *John F. Casey, Jr.,* Deputy Attorney General, for respondent.

KNUTSON, CHIEF JUSTICE.

This is an original proceeding under our election laws in which candidates for the office of associate justice of the supreme court seek relief by way of identification of one of the candidates for the office.

The facts may be briefly stated. Thomas Gallagher has been an elected member of the Supreme Court of Minnesota for several years. His present term will expire at the end of this year. While he originally filed for reelection, he has withdrawn. As a result six candidates did file. One of them is the son of Justice Gallagher, who bears the same first and surname. The others are District Judges Harold Schultz, Theo-

dore B. Knudson, and Daniel Foley, and Attorneys C. Donald Peterson and Peter S. Popovich. This proceeding was commenced by Foley. Schultz and Popovich have joined him, and Gallagher Junior has intervened. Petitioners contend that due to the fact that the first and surname of Justice Gallagher and his son are identical many voters will be led to believe that they are actually voting for the present incumbent, when as a matter of fact they are voting for his son. They seek to have the court order the secretary of state to in some way distinguish the father from the son on the ballot.

While both Justice Gallagher and Candidate Gallagher have middle names, Candidate Gallagher claims he uses only his first name and his surname in all his business and social dealings and should therefore be permitted to use it in running for office.

While it is undoubtedly true that both Justice Gallagher and his son have commonly used only the name of Thomas Gallagher in their business and professional lives, an initial and their full middle names have been used on occasions when it was necessary to distinguish between them. Thus, in Martindale-Hubbell Legal Directory, Justice Gallagher's name appears as "Thos. Gallagher" and his son as "Thomas P. Gallagher."[1]

In the University of Minnesota Law School Alumni Directory, the name of Justice Gallagher appears as "Honorable Thomas Francis Gallagher" and his son appears as "Thomas Patrick Gallagher."[2]

In the annual Minnesota State Bar Association Directory the names appear as "Hon. Thomas Gallagher" and "Thomas P. Gallagher" respectively.[3]

In the Minneapolis City Directory the names appear as "Thos. F. Gallagher" and "Thos. P. Gallagher."[4]

On the records of this court it appears that Candidate Gallagher signed the register admitting him to practice law as "Thomas P. Gallagher." In his annual registration as a lawyer his name likewise ap-

---

[1] See, p. 541, 1966 edition.
[2] See, 1964 edition, pp. 57, 94, 168, 246, and 305.
[3] See, Bench and Bar of Minnesota, Vol. 22, No. 8, August 1965, p. 62.
[4] See, 1964-65 edition.

pears as "Thomas P. Gallagher," while that of Justice Gallagher appears as "Thomas Gallagher."

It is therefore evident that in many areas where it has been important to distinguish between the two, they have used identifying initials or their middle names. We think nothing less should be required on the ballot in order to enable voters to cast their ballots intelligently.

In an election for a judicial office, Minn. St. 203.41 requires a candidate to select the office involved in the election to which he aspires to be elected. In this case the ballot must contain the following statement:

"For the office of associate justice of the supreme court to which Thomas Gallagher was elected for the regular term."

Thereafter will appear the names of the candidates for the office, including that of Thomas Gallagher. The contention of petitioners is that if nothing more appears many voters will believe that Candidate Thomas Gallagher is the same person as nonrunning Incumbent Thomas Gallagher. There is much merit to this contention.

A great many of our voters are not personally acquainted with members of the judiciary, and particularly with members of the supreme court. They run on a nonpartisan ticket without benefit of party, platform, or issues. They have little time for campaigning. They are known mainly by their names, and the opportunity for confusion where the names are identical or even similar is rife.

Our election laws are bottomed on the theory that no candidate for an office ought to be given an unfair advantage over another and the people ought to be permitted to know whom and what they are voting for. Thus, § 203.36 (formerly § 205.70) provides:

"When the similarity of surnames of two or more candidates for the same office at an election may cause confusion to voters, the candidates with such names may have added to each of their surnames on the ballot no more than three words to indicate the occupation or office of the candidate, or his residence, or any combination thereof if they can be stated in no more than three words."

In the case of Dougherty v. Holm, 232 Minn. 68, 70, 44 N. W. (2d) 83, 84, in construing this statute, we said:

"It seems clear that the legislative purpose in permitting candidates to identify themselves where two or more having the same surname appear on the ballot is to prevent confusion in the minds of voters and to enable them to cast their ballots for the candidates of their choice."

We also said that where the legislature has prescribed a method by which identification may be made, that method is exclusive. The difficulty here is that there has been no provision by the legislature for a situation such as now confronts us, where a candidate seeks the office of an incumbent officeholder who has the identical name as the candidate, but is not running for reelection. The opportunity for confusion here is much greater than in the case of two candidates having the same or similar surnames, and that is particularly true where the office is a judicial one.

Section 203.30, while it deals mainly with preparation of the form of the ballot, contains the following provision in subd. 1:

" \* \* \* The name of a candidate may not appear on a ballot in any way which gives that candidate an advantage over his opponent except as otherwise provided by law. The officer in charge of preparing the ballots shall do so in such a manner as to enable the voter to understand which questions are to be voted upon and what and how many candidates are to be voted for in each office, and to designate his choice easily and accurately."

We think this statutory provision is a clear legislative mandate to have the ballot so prepared as to enable the voter to know whom or what he is voting for. In the light of this legislative policy it must be assumed that failure to expressly provide for a situation such as we have here must have been due to the fact that it never occurred to the legislature that such a situation could arise. Thus, while we have no express legislative authority to act in this kind of a case, we think we do have a clear legislative mandate to see to it that a ballot is submitted to the voters free from confusion, one that will enable them to make an enlightened and intelligent choice. We may assume that the ballot would appear substantially as follows:

"For the office of Associate Justice of the Supreme Court to which Thomas Gallagher was elected for the regular term:
Daniel Foley
Theodore B. Knudson
Harold Schultz
Thomas Gallagher
C. Donald Peterson
Peter S. Popovich"

The ballot would not show that the office to be filled is one being vacated by the Incumbent Thomas Gallagher.

Candidate Gallagher argues there is identification enough because his name will not be followed by the word "incumbent" which is permitted under § 203.41, subd. 3, and would be the case if Justice Gallagher were running to succeed himself. That may all well be true, but how many voters are so familiar with our election laws that they will instantly recognize the fact that the incumbent is not running for reelection?

It is therefore ordered that to avoid confusion and to enable the voters to distinguish between the present incumbent and the candidate, both of whom have the same first and surname, the ballot contain these provisions:

"For the office of Associate Justice of the Supreme Court to which Thomas Gallagher (whose full name is Thomas Francis Gallagher) was elected for the regular term"

and in listing the name of Thomas Gallagher as one of the candidates the following be included:

"Thomas Gallagher (whose full name is Thomas Patrick Gallagher)."

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.