JAMES E. SHAW v. WAYNE A.
JOHNSON AND OTHERS.
JOAN ANDERSON GROWE, APPELLANT.

247 N. W. 2d 921.

December 3, 1976—Nos. 47053, 47092.

*Warren Spannaus*, Attorney General, *Richard B. Allyn*, Solicitor General, and *Stephen F. Befort* and *Christopher R. Kelley*, Special Assistant Attorneys General, for appellant.

*Peterson, Engberg & Peterson, Roger A. Peterson, Richard G. Pepin, Jr.*, and *John C. Kuehn*, for respondent Shaw.

*Eldon J. Spencer, Jr.*, for respondent Independent-Republicans of Minnesota.

Considered and decided by the court without oral argument.

PER CURIAM.

This is an appeal by Joan Anderson Growe, secretary of state, from an order of the district court which held that both the plaintiff, James E. Shaw, and candidates of the defendant Independent-Republicans of Minnesota, may use the term "independent" as all or a part of the designation they choose on the general election ballot. By order dated October 8, 1976, this court affirmed the order of the District Court, Hennepin County, dated July 23, 1976. In our October 8 order, we stated that this opinion would follow.

Shaw is a candidate for the Minnesota Senate. He has filed for election by means of a nominating petition, pursuant to Minn. St. 202A.28 to 202A.32. As is required by Minn. St. 202A.32, subd. 1, Shaw filed this nominating petition with defendant Wayne A. Johnson, director of finance and records for Hennepin County, who serves as statutory auditor for Hennepin County. At that time, pursuant to Minn. St. 203A.34, Shaw requested to be designated "independent" on the general election ballot.

This request was denied by Johnson's office, after consultation with Secretary of State Growe. The denial was based upon Opinion Attorney General, No. 672-b-7, Jan. 26, 1976. This opin-

ion in essence states that since the term "independent" has been adopted as a part of the name of Independent-Republicans of Minnesota,[1] its use on the ballot in a partisan election by any candidate other than a candidate of that party is precluded. Shaw brought this action seeking a declaration of his right to use the designation "independent" on the election ballot.

The trial court found that there was no danger of confusion among the electorate resulting from the use by both Shaw and Independent-Republicans of Minnesota of the term "independent," and ordered election officials of Hennepin County to place upon the ballot plaintiff's name with the designation "independent."

The issue presented is not governed directly by any statutory provision. Many of the arguments presented by the parties, and Opinion Attorney General, No. 672-b-7, are primarily based upon Minn. St. 202A.11, the so-called Party Name Protection Act,[2] despite the fact, conceded by all parties, that Shaw is not the candidate of any statutorily defined[3] political party.

We do not believe that the strict prohibition of the statute on candidates of political parties is applicable to nonparty candidates and hold that it should not be applied in the instant case. However, viewing Minn. St. 202A.11, subd. 2, as expressive of a legislative intention to prevent confusion which might be engendered by the use of similar political designations, we will examine situations outside the purview of the statute to ascertain whether or not confusion, or the likelihood of confusion,

---

[1] On November 15, 1975, pursuant to Minn. St. 202A.11, subd. 1, the Republican Party of Minnesota changed its name to "Independent-Republicans of Minnesota."

[2] Minn. St. 202A.11, subd. 2, provides: "A political party, as defined in the Minnesota election law, which has adopted a party name, is entitled to the exclusive use of the name for the designation of its candidates on all ballots, and no candidate of any other political party is entitled to have printed on a ballot as a party designation any part of that name."

[3] Minn. St. 200.02, subd. 7.

would exist as a result of the designation desired by nonparty candidates. Foley v. Donovan, 274 Minn. 501, 144 N. W. 2d 600 (1966). Among the factors that might be considered is the nature of the allegedly usurped word or words—e. g., to what degree the word "independent" itself is associated with the political party. There is much discussion in the record regarding whether "independent" denotes a specific body of political thought (as does "Socialist," "Democrat," "Republican," etc.) or whether it is merely generic. The most that emerges from this discussion is that persons who are "independents" refuse to become formally affiliated with any political party, but, nonetheless, tend to participate in the two-party system. As used by each of the litigants herein, the term "independent" is merely adjectival; as such, in its different uses, it is clearly distinguishable, and fosters no confusion. Additionally, it should be noted that neither Shaw nor the Independent-Republicans of Minnesota object to the designation proposed by the other; Shaw seeks only to be allowed to use the designation "independent" and the Independent-Republicans desire to continue using that name.

Because the trial court found that there was no danger of confusion among the electorate resulting from the proposed designations, it held that both Shaw and Independent-Republican candidates could use the term "independent" as a part of their designation on the general election ballot. We agree with this holding. This is not to say that another term, or another context, might not create confusion; but none exists here, so the use of the term "independent" should not be prohibited.

Affirmed.